

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (413) 785-0235*
*Fax: (413) 785-0394*

*Federal Building & Courthouse*
*Main Street, Room 310*
*Springfield, Massachusetts 01103*

November 22, 2004

Alan Black, Esq.
1383 Main Street
Springfield, MA 01103

    Re:   United States v. Robert Sokolowski
           Criminal No. 04-30051-MAP

Dear Attorney Black:

In accordance with the government's discovery obligations pursuant to Local Rules 116.1(C) and 116.2(B) and Fed. R. Crim. P. 16(a)(1), I am providing you with the following information and materials:

A.   Discovery Pursuant to Fed.R.Crim.P. 16(a)(1)(A)-(D)

    1.   Statements of the Defendant

The defendant made oral statements in response to interrogation by a person the defendant knew was a government agent on June 3, 2004. A summary of those statements is contained within the enclosed affidavit prepared by Trooper Michael Barrett.

    2.   Grand Jury Testimony

The defendant did not testify before the grand jury.

    3.   Defendant's Prior Record

A copy of the defendant's criminal record was provided to you by Pre-Trial Services.

    4.   Books, Papers, Documents, and Tangible Objects

   The government will make available for inspection and/or copying all of the evidence in its possession.

   5. Reports of Examinations and Tests

   None available at this time.

B. Search Materials

   A search warrant was executed by state and federal law enforcement agents on June 3, 2004. The government will provide all relevant search materials as soon as they are received by this office. Enclosed however is Trooper Barrett's unsigned affidavit.

   2. Consent Searches

   None.

   3. Warrantless Searches

   None.

C. Electronic Surveillance

   None.

D. Consensual Interceptions

   None.

E. Unindicted Coconspirators

   None.

F. Identifications

   None.

G. Exculpatory Evidence

   1. Within the time period designated in L.R. 116.1(C)(1):

      a. The government is unaware of any evidence that would tend directly to negate the defendant's guilt concerning any count in the indictment.

      b. The government is unaware of any evidence that

would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude, which would, if allowed, be appealable under 18 U.S.C. § 3731.

c. The government is unaware of any promise, reward or inducement made to any witness when the government intends to call in its case-in-chief.

d. Not applicable at this time.

e. Not applicable at this time.

f. There were no failures to identify the defendant by any percipient witness in this case.

The government requests all reciprocal discovery of the defendant as required by L.R. 116.1(D) and F.R.Crim.P. 16(b). Pursuant to F.R.Crim.P. 12.1 the government requests notice of whether the defendant intends to rely upon an alibi defense; pursuant to F.R.Crim.P. 12.2 the government requests notice of whether the defendant intends to rely upon an insanity defense; and pursuant to F.R.Crim.P. 12.3 the government requests notice of whether the defendant intends to rely upon a defense of public authority.

Please feel free to call me at (413) 785-0330 if you have any questions about the above information.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Ariane D. Vuono

ARIANE D. VUONO
Assistant U.S. Attorney

Enclosures