UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
            Plaintiff,          )
                                ) Criminal No. 04-30051-MAP
        v.                      )
                                )
ROBERT SOKOLOWSKI,              )
            Defendant.          )

**UNITED STATES' MOTION FOR**
**PRELIMINARY ORDER OF FORFEITURE**

The United States, by and through its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves that this Court issue a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C. §2253 and Rule 32.2 of the Federal Rules of Criminal Procedure. A proposed Preliminary Order is submitted herewith. In support thereof, the United States sets forth the following:

1. On or about October 26, 2004, a federal grand jury sitting in the District of Massachusetts returned a one-count Indictment charging defendant Robert Sokolowski,(the "Defendant"), with Possession of Child Pornography, in violation of 18 U.S.C. §2252(a)(4)(B)(Count One). The Indictment also contained a Criminal Forfeiture allegation, pursuant to 18 U.S.C. §2253(a).

2. The allegation sought the forfeiture, as a result of committing the offense alleged in Count One of the Indictment, of (1) any and all matter which contains visual depictions produced, transported, shipped, received or possessed in violation of 18 U.S.C. §2252 and/or 2252A, (2) any property constituting or derived

from any proceeds the defendant obtained directly or indirectly as a result of the said violations, and (3) any and all property used or intended to be used in any manner or part to commit and to promote the commission of the aforementioned violation, including, but, but not limited to, the computer system and related items that were seized by law enforcement officials from the Defendant's residence on June 3, 2004 (the "Property").

3.    On or about June 24, 2005, a Change of Plea Hearing was held whereby the Defendant entered a plea of guilty to Count One of the Indictment.

4.    By virtue of the Defendant's guilty plea and pursuant to 18 U.S.C. §2253(e), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property. See Rule 32.2(b)(2); 18 U.S.C. §2253(e). Rule 32.2(b)(1), (b)(2), and (b)(3) of the Federal Rules of Criminal Procedure provide that as soon as is practicable after a plea of guilty is accepted on any count in an indictment is sought, the Court must determine whether the government has established the requisite nexus between the property and the offense, subjecting the property to forfeiture. If the Court finds that the property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture directing the forfeiture of specific property without regard to any third party's interest in all or part of it.

5.    At sentencing – or at any time before sentencing if the

defendant consents - the order of forfeiture becomes final as to the defendant and must be made part of the sentence and included in the judgment.   Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

6.   Pursuant to FRCP 32.2(b)(3), the entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.

7.   The Property seized from the Defendant's residence on June 3, 2004 consisted of approximately 110 CD-ROMS and floppy disks containing approximately 248 visual depictions of child pornography and computer equipment used to view the visual depictions of child pornography.  The Property is therefore subject to forfeiture because it consists of matter which contains visual depictions produced, transported, shipped, received or possessed, and/or property used or intended to be used in any manner or part to commit and to promote the commission of a violation of 18 U.S.C. §2252(a)(4)(B), the offense to which the Defendant pled guilty.

8.   Based upon the evidence set forth, the United States has established the requisite nexus between the Property and the offense to which the Defendant has pled guilty.  Accordingly, the Property is subject to forfeiture to the United States pursuant to

18 U.S.C. §2253.

9.    Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 18 U.S.C. §2253 and FRCP 32.2, the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the Marshal's intent to dispose of the property in such manner as the Attorney General may direct and notice that any person, other than the Defendant, having or claiming a legal interest in the property must file a petition with the Court (and serve a copy on the United States Attorney) within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title of interest in the forfeited property and any additional facts supporting the petitioner's claim and relief sought.

9.    The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

10.  Pursuant to 18 U.S.C. §2253, following the Court's disposition of all petitions filed, or if no such petitions are

filed following the expiration of the period provided for the filing of such petitions, the United States of America shall have clear title to the Property and this Court will enter a Final Order of Forfeiture pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture against the Property in the form submitted herewith.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,


/s/ JENNIFER H. ZACKS
ARIANE D. VUONO
JENNIFER H. ZACKS
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3100

Date: August 8, 2005


CERTIFICATE OF SERVICE

I certify that I have served a true copy of the foregoing upon Alan J. Black, Esquire, 1383 Main Street, Springfield, MA 01103, as counsel for Defendant Robert Sokolowski, by first class mail.


/s/ JENNIFER H. ZACKS
JENNIFER H. ZACKS
Assistant U.S. Attorney

Date: August 8, 2005