STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| OF AMERICA ) | |
| ) | |
| ) | |
| ) | CRIMINAL NO. 0430051 MAP |
| V. ) | |
| ) | |
| ROBERT SOKOLOWSKI, ) | |
| Defendant, ) | |
| ) | |

## DEFENDANT'S PRE-SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE

Defendant, Robert Sokolowski, submits this Memorandum and Motion for Downward Departure to assist the Court in sentencing. The defendant is seeking relief from the guideline sentencing range pursuant to U.S.S.G. Section 4A1.3 and Chapter 1, Part A, of the Guidelines Introduction Notes that states:

> "The sentencing statute permits a Court to depart from the guideline specified sentence only when it finds an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described . . . The commission intends the sentencing Courts to treat each guideline as carving out a "heartland", a set typical cases embodying the conduct that each guideline describes. When a Court finds an atypical case, one to which a particular guideline linguistically applies but where conduct significantly differs from the norm, the Court may consider whether departure is warranted." U.S.S.G. Chapter I, Part A., Introduction comment, (4)(b) (quoting 18 U.S.C. Section 3553 (b).

For the reasons set forth below, the Court should depart downward in sentencing Mr. Sokolowski in this case.

### I.   THE DEFENDANT'S FAMILY BACKGROUND AND UPBRINGING WARRANTS A DEPARTURE

The defendant's family background warrants a departure. U.S.S.G. 5K2.0 allows for family circumstances in certain situations. According to information contained in the PTS report, Mr. Sokolowski's family history reflects the fact that at a very early age, he was exposed to family background that was less than conducive to a steady upbringing. His mother was an

abusive alcoholic and his father was never around long enough to make a difference in the defendant's daily life.

## II. THERE EXISTS MITIGATING CIRCUMSTANCES NOT ADEQUATELY TAKEN INTO CONSIDERATION BY THE GUIDELINES THAT SHOULD RESULT IN A DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. SECTION 5K2.0

A sentencing Court may depart downward where a combination of factors warrants it. See U.S.S.G. Section 5K2.0 Commentary) combination of characteristics and circumstances, none of which alone take the case out of the heartland, may warrant departure). See also United States v. Sklar, 920 F.2d 107, 117 (1st Cir. 1990) ("We do not mean to imply that factors, inadequate to warrant departure when taken in isolation, may not in combination suffice to remove a case from the heartland".)

The combination of factors that warrants departure here include mental and physical abuse, the fact of no prior criminal record, the fact that this appears to be aberrant behavior; and has difficult family circumstances all of which warrant the Court's consideration and a downward departure under U.S.S.G. Section 5K2.C. See Koon v. United States, 115 S.Ct. 2035 (l996). (District Court has broad authority to depart downward on any ground with the exception of forbidden ground); United States v. Rivera, 994 F.2d 942, 947 (1st Cir. 1993).

## III. THE DEFENDANT'S BEHAVIOR IN THIS CASE SHOULD BE CONSIDERED ABERRANT THAT SHOULD RESULT IN A DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. SECTION 5K2.0

Based upon the totality of circumstances this Honorable Court should depart downward based upon aberrant behavior. U.S.S.G. Section 5K2.0 Some of the factors the courts have considered to determine whether to depart based upon these grounds consist of where the defendant was a first time offender and the crime was a spontaneous and thoughtless act. United States v. Withrow 85 F3d 527 (11th Cir. 1996). Further the courts ask us to review factors such as pecuniary gain and efforts to mitigate the crime. United States v. Grandmaison, (1st. Cir. 1996). In the case at hand the defendant has no prior criminal record. These kinds of crimes, which take place in front of a computer, are spontaneous and thoughtless by nature. The defendant received no pecuniary gain from this activity. Further, there is no indication that any type of planning ever

occurred in this case to indicate that the defendant planned to carry his activities farther than his own bedroom.

    **IV.    THERE EXISTS CIRCUMSTANCES OF EXTRORDINARY ACCEPTANCE OF RESPONSIBILITY THAT ARE NOT ADEQUATELY TAKEN INTO CONSIDERATION BY THE GUIDELINES THAT SHOULD RESULT IN A DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. SECTION 5K2.0**

The courts have the authority to depart downward where circumstances demonstrate a degree of acceptance of responsibility that is in excess of that ordinarily present. United States v. Lieberman, 971 F2d 989 (3rd. Cir. (l992). In the case at hand, the defendant immediately began cooperating with the agents when they entered his apartment. The officers did not have a search warrant then, yet the defendant sat down with them and explained to him where everything was on his computer. He also explained to him what his call signs were and other factors associated with this case. There has never been a time in this case where the defendant has been less than candor and open with the authorities.

    **V.    THERE EXISTS IN THE DEFENDANT'S PAST, CHILD ABUSE WHICH IS NOT ADEQUATELY TAKEN INTO CONSIDERATION BY THE GUIDELINES THAT SHOULD RESULT IN A DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. SECTION 5K2.0**

There is ample evidence as shown in the PTS report prepared by Mr. Rinaldi that the defendant was subject to an alcoholic mother and a non-present father. This type of behavior admitted to by the mother to Mr. Rinaldi amounted to both emotional and physical abuse of the defendant. United States v. Reinoso, (350 F3d 51 (2nd Cir. (2003). Although there has not been a psychiatric evaluation in this case, it is stated by the defendant's parents and family members that the defendant is a very gentle and quite individual who does not hurt anyone. It is easy for this court to make a finding that the abuse contributed to the defendant's commission of this offense, as it almost appears that the defendant withdrew and became inward due to what he was exposed to in his home on a regular basis.

    **VI.    THERE EXISTS IN THE DEFENDANT A VULNERABILITY AND SUSCEPTIBILITY TO ABUSE WHILE IN PRISON THAT SHOULD**

**RESULT IN A DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. SECTION 5K2.0**

Although the defendant is of good size and good health, <u>United States v. Drew</u>, 131 F3d 1269 (8th Cir. 1997), and although the fact that child pornographers are targeted in prison are alone not enough to warrant a departure for vulnerability, this in combination with the other factors mentioned above in this case warrant this type of departure in this case. The defendant is an individual who has never ever been in trouble with the law before. He is very gentle and meek according to the defendant's own family members. These qualities combined with the fact that child pornographers are often targeted lead to a potentially dangerous situation for the defendant.

RESPECTFULLY SUBMITTED

THE DEFENDANT

By: /s/ Alan J. Black
ALAN JAY BLACK
His Attorney
BBO# 553768
1383 Main Street
Springfield, MA 01103
(413) 732-5381

**CERTIFICATE OF SERVICE**

I, Alan Jay Black hereby certify that on this 19th day of October, 2005, I caused a copy of the foregoing Motion and Sentencing Memorandum to be served on the parties of record by delivering electronically to AUSA Arianne Vuono and by fax to U.S. Probation Officer Richard Rinaldi.

/s/ Alan J. Black
Alan J. Black