UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-30051-MAP |
| ) | |
| ROBERT SOKOLOWSKI, ) | |
| Defendant. ) | |

GOVERNMENT'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully submits the following response in opposition to Sokolowski's motion for a downward departure. Sokolowski's motion should be denied because: (1) Sokolowski's childhood abuse does not take this case outside of the heartland of cases such that a downward departure is warranted; (2) Sokolowski's offense conduct does not constitute aberrant behavior; (3) Sokolowski's acceptance of responsibility was not extraordinary and (4) Sokolowski's unsupported allegation that a prison term will be "dangerous" for him is not a legitimate basis for a downward departure in this case.

**ARGUMENT**

U.S.S.G. §5K2.0 allows sentencing courts to depart from the guideline sentencing range in a given case if the court finds

aggravating or mitigating circumstances that render the case atypical and take it out of the heartland of cases for which the applicable guideline was designed. Sokolowski argues that there are several mitigating factors which justify a downward departure in the present case. As discussed in more detail below, none of the factors relied upon by Sokolowski, alone or considered together, are sufficiently "atypical" to justify a downward departure.

    1.   The record does not support a departure based on <u>childhood abuse</u>.

Sokolowski claims that the abuse he suffered as a child warrants a downward departure. While Sokolowski's upbringing was certainly unfortunate, the neglect he suffered as a child due to his mother's alcoholism has no causal connection to the offense he committed. On the contrary, based on the letters of support submitted on Sokolowski's behalf, it appears as though he was able to acquire the skill and desire to work and provide financial and emotional support for members of his family despite his difficult upbringing. Accordingly, Sokolowski is not entitled to a reduction of his guideline sentencing range on the basis of his "family background."

    2.   Sokolowski's conduct did not constitute aberrant <u>behavior.</u>

In <u>United States v. Grandmaison</u>, 77 F. 3d 555 (1st Cir. 1996), the First Circuit held that departures were appropriate if

the record suggested that the offense conduct represented aberrant behavior in an otherwise exemplary record.  The record in this case does not support the defendant's assertion that his conduct was aberrant.  On the contrary, the record shows that Sokolowski continuously searched the internet in an effort to amass a sizeable collection of child pornography.  The extent and nature of his collection belies his claim that his criminal activity constituted aberrant behavior.  The forensic analysis of Sokolowski's computer and computer related items disclosed that Sokolowski had saved approximately 248 movies containing child pornography and/or child erotica.  A description of the collection is contained within paragraph 18 of the Presentence Report.[1]

    3.    Sokolowski's conduct does not demonstrate an <u>extraordinary acceptance of responsibility.</u>

Relying on the Third Circuit's ruling in <u>United States v. Lieberman</u>, 971 F.2d 989 (3rd Cir. 1992) wherein the Court recognized extraordinary ameliorative post-arrest conduct as a basis for a downward departure, Sokolowski contends that his "immediate cooperation" with law enforcement authorities warrants

---

[1] The government has attached a sealed envelope containing grand jury Exhibits 1-15 for the Court's review.  Exhibit 1 depicts Sokolowski's Yahoo profile.  Exhibits 2-4 depict images from a movie entitled Pedo-Mom.  Exhibits 5-8 depict pictures from a movie entitled Preteen Brunette, Vicki Suck Anal. Exhibits 9-11 depict pictures from a movie entitled Roygold Style, Hello. Exhibits 12-15 depict pictures from a movie entitled Vick A-Pump.

a larger departure than that authorized by U.S.S.G § 3E1.1. While the government readily acknowledges that Sokolowski has never challenged any aspect of the government's case and, even though Sokolowski's candor, willingness to accept responsibility and remorse for his conduct is uncontroverted, his conduct was not "extraordinary" and therefore does not justify a downward departure.

    4.    The record does not support departure based on <u>extraordinary susceptibility to abuse in prison</u>.

Sokolowski believes that he will be vulnerable to abuse by fellow inmates because he is "gentle and meek" and is a first time offender. Sokolowski also believes that he may be targeted for abuse due to the nature of his criminal conduct. However, as Sokolowski himself noted, "(Sokolowski's) susceptibility to abuse by fellow inmates justifies departure only in extraordinary cases." <u>United States v. Drew</u>, 131 F.3d 1269, 1271 (8th Cir. 1997). There is simply nothing exceptional, let alone extraordinary, about the defendant's personality that warrants a departure. Sokolowski's mild demeanor and first time offender status are not unusual characteristics and, as a result, do not justify a departure.

**CONCLUSION**

For these reasons, the government respectfully requests that the court deny the defendant's motion for departure from the sentencing guideline range.

4

```
                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:  /s/ Ariane D. Vuono
                              Ariane D. Vuono
                              Assistant U.S. Attorney
```

Dated: October 21, 2005

## CERTIFICATE OF SERVICE

Hampden, ss.                            Springfield, Massachusetts
                                        October 21, 2005

     I, Ariane D. Vuono, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing on Alan Black, Esq., 1383 Main Street, Springfield, MA 01103 by fax (413) 739-0446.

```
                              /s/ Ariane D. Vuono
                              Ariane D. Vuono
                              Assistant U.S. Attorney
```